IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

    v.                      CIVIL NO.: WDQ-10-2809

TIMOTHY P. VINES, *et al.*,

    Defendants.

MEMORANDUM OPINION

Metropolitan Life Insurance Company ("MetLife") sought interpleader relief regarding the distribution of insurance benefits arising out of the death of William L. Vines (the "Decedent"). For the following reasons, MetLife's motion for interpleader relief will be granted.

I. Background

The Decedent was a Constellation Energy Group employee. Compl. ¶ 6. He was a participant in the Constellation Energy Group Insurance Plan (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").[1] *Id.* To fund benefits payable under the Plan, Constellation Energy Group obtained a group life insurance policy from MetLife. *Id.* MetLife is the Plan's claim adminis-

---

[1] 29 U.S.C. §§ 1001 *et seq.*

trator. *Id.* ¶ 7.

The Decedent was enrolled for $45,000 in life insurance coverage under the Plan. *Id.* ¶ 9. On November 24, 2008, he completed a beneficiary designation form. Compl., Ex. A [hereinafter Beneficiary Form]. The form allows an employee to designate primary and contingent beneficiaries.[2] When naming primary beneficiaries, the employee must indicate the percentage of the insurance benefits he wants each primary beneficiary to receive, and the total shares must equal 100%. *See id.* This procedure must also be followed when naming contingent beneficiaries. *See id.*

The Beneficiary Form names Timothy P. Vines, the Decedent's son, as the primary beneficiary for 55% of the benefits. *See id.* Brenda C. Holder, who was the Decedent's friend, is named as a contingent beneficiary for 45%. *See id.* Because the total shares allocated to the primary and contingent beneficiary do not separately equal 100%, it is unclear whether the Decedent intended to designate Holder as a primary beneficiary for 45% of the benefits, or contemplated some other distribution. *See id.;* Compl. ¶ 15.

William L. Vines died on November 22, 2009. *Id.* ¶ 9.

On December 10, 2009, Timothy Vines submitted to MetLife a life insurance claim form for the benefits. Compl., Ex. B [hereinafter Vines Claim Form]. On December 22, 2009, Holder

---

[2] The Beneficiary Form allows an employee to designate contingent beneficiaries if the primary beneficiaries die before the insured.

2

also submitted a claim form for the benefits. Compl., Ex. C [hereinafter Holder Claim Form].

On January 7, 2010, MetLife paid Vines 55% of the benefits--$24,750. Compl. ¶ 14. That day, MetLife informed Vines and Holder that it was unclear from the Beneficiary Form who should receive the remaining 45%--$20,250 (the "remaining Plan Benefits"). Compl., Ex. D [hereinafter MetLife Letter] at 2. MetLife explained that Vines and Holder's claims were adverse and "raise[d] questions of fact and law that cannot be resolved by MetLife without exposing the [P]lan to the danger of double liability." Id. at 1. MetLife encouraged them to resolve the dispute before it was forced to initiate an interpleader action to permit a court to decide between the claims. Id. at 2.

Vines and Holder have been unable to agree. Compl. ¶ 19. Vines asserts that Holder is not entitled to the remaining Plan Benefits because she is merely a contingent beneficiary. See Vines Answer ¶ 17. Holder "feel[s] very strongly" that the Decedent intended to leave her the remaining Plan Benefits. Holder Answer.

On October 12, 2010, MetLife filed a complaint in interpleader. On October 26, 2010, Vines answered. On November 2, 2010, MetLife filed a motion for interpleader relief, which is

substantially similar to its complaint. ECF No. 5. On November 4, 2010, Holder filed a *pro se* answer.[3]

II. Analysis

A. Standard of Review

Under Fed. R. Civ. P. 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." The principle of interpleader is that when two people are fighting over a single fund that is held by a third party (the stakeholder), who is willing to give it up, the stakeholder should not have to risk defending multiple claims against the fund. *See Equitable Life Assur. Soc'y of the U.S. v. Jones*, 679 F.2d 356, 358 n.2 (4th Cir. 1982) (citation and internal quotation marks omitted). Instead, a court should relieve the stakeholder and require the persons between whom the dispute exists to resolve ownership. *See id.* Interpleader is an equitable remedy that "should be liberally construed to protect stakeholders . . . from multiple liability [and] the trouble and expense of multiple litigation." *MFA Mut. Ins. Co. v. Lusby*, 295 F. Supp. 660, 665 (W.D. Va. 1969).

---

[3] On November 8, 2010, Vines filed a counterclaim against MetLife and a third-party complaint against Constellation Energy Group for failing to ensure that the Beneficiary Form was completed correctly, ECF No. 8 ¶¶ 22-23, which he voluntarily dismissed on March 28, 2011, ECF Nos. 26-27.

4

An interpleader action involves two stages. During the first stage, it must be determined whether the stakeholder has properly invoked interpleader. *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007); *Fed. Ins. Co. v. Parnell*, No. 6:09CV00033, 2009 WL 2848667, at *4 (W.D. Va. Sept. 3, 2009). The propriety of interpleader depends on whether the stakeholder "legitimately fears" multiple litigation over a single fund.[4] The Court considers whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns prevent the use of interpleader. *High Tech.*, 497 F.3d at 641; *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999).

If interpleader is proper, the Court may direct the funds plus interest to be deposited with the Clerk,[5] dismiss the

---

[4] *High Tech.*, 497 F.3d at 642 (*citing* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1704); *Wausau Ins. Cos. v. Gifford*, 954 F.2d 1098, 1101 (5th Cir. 1992) (same); *ReliaStar Life Ins. Co. v. Lormand*, No. 3:10-CV-540, 2011 WL 900113, at *3 (E.D. Va. Mar. 11, 2011).

[5] Fed. R. Civ. P. 22 may be read in conjunction with rules that govern depositing money with the Court. *See, e.g., Companion Life Ins. Co. v. Haislett*, No. 3:10-1586-JFA, 2010 WL 3879338, at *3 (D.S.C. Sept. 28, 2010). Fed. R. Civ. P. 67 provides that "[i]f any part of the relief sought is . . . the disposition of a sum of money[, a party] may deposit with the [C]ourt all or part of the money[.]" Under Local Rule 508 (Md. 2010), the Court shall "set the amount of funds deposited in the Court Registry," which shall be "placed in an interest bearing account" and "as-

stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuing any action or proceeding against the stakeholder regarding the relevant insurance policy or plan. *See, e.g.*, *High Tech.*, 497 F.3d at 641; *Haislett*, 2010 WL 3879338, at *3.

During the second stage, a scheduling order is issued and the case continues between the claimants to determine their respective rights. *See, e.g.*, *Rhoades*, 196 F.3d at 600; *Leventis v. First Nat'l Ins. Co. of Am.*, No. 3:09-1561-JFA, 2010 WL 2595305, at *2 (D.S.C. June 23, 2010). The claimants engage in the "normal litigation processes, including pleading, discovery, motions, and trial." *High Tech.*, 497 F.3d at 641.

B. MetLife's Motion for Interpleader Relief

MetLife's motion for interpleader relief is unopposed. ECF No. 5. It argues that it is an innocent stakeholder with no beneficial interest in the remaining Plan Benefits, and risks defending multiple suits or making multiple payments because of Vines and Holder's competing claims. *See id.* at 2. MetLife seeks to pay the remaining Plan Benefits to the Court and be dismissed with prejudice. *Id.* That MetLife is an innocent stakeholder is

---

sessed a charge pursuant to the fee schedule set by the Judicial Conference of the United States."

The money is held pending the determination of rightful ownership. *See White v. FDIC*, 19 F.3d 249, 252 (5th Cir. 1994).

admitted by Vines and undisputed by Holder. Vines Answer ¶ 23. *See generally* Holder Answer.

Because this interpleader action is at the first stage, the Court must examine the factors listed in Part II.A to determine whether MetLife has properly invoked interpleader. The Court has jurisdiction over this suit because it arises under ERISA.[6] The remaining Plan Benefits comprise the single fund at issue. *See, e.g., ReliaStar*, 2011 WL 900113, at *1, *3. Vines and Holder are adverse claimants because they dispute whether Holder is entitled to that fund.[7] MetLife is threatened with multiple liability because Vines and Holder have made competing claims, and MetLife may be liable for damages if it incorrectly disburses the remaining Plan Benefits.[8] Lastly, there are no equitable concerns to

---

[6] 28 U.S.C. § 1331 (federal question jurisdiction); 29 U.S.C. § 1132(e)(1) (conferring exclusive jurisdiction on district courts for most ERISA claims); *Metro. Life Ins. Co. v. Hall*, 9 F. Supp. 2d 560, 561, 563 (D. Md. 1998) (federal jurisdiction existed over MetLife's interpleader action involving insurance proceeds issued under an employee welfare benefit plan governed by ERISA).

[7] *See* Vines Answer ¶ 17 (asserting that Holder is not entitled to the remaining Plan Benefits because she is merely a contingent beneficiary); Holder Answer (asserting that the Decedent intended to leave her those benefits); *Lincoln Nat'l Life Ins. Co. v. Parker*, No. 8:10-2815-HMH, 2011 WL 497415, at *1 (D.S.C. Feb. 7, 2011) (defendants who "dispute[d] the amount of proceeds each [was] entitled to receive [under a life insurance] policy" were adverse claimants in an interpleader action).

[8] Vines Claim Form; Holder Claim Form; *see, e.g., Mudd v. Yarbrough*, No. 10-184-DLB-CJS, 2011 WL 1326953, at *3 (E.D. Ky. Apr. 6, 2011); *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 32-33 (S.D.N.Y. 1992).

prevent interpleader. MetLife advised Vines and Holder to resolve this dispute before it brought this action.[9]

Accordingly, MetLife's motion for interpleader relief will be granted. Within 30 days from the date of the accompanying Order, MetLife will deposit the remaining Plan Benefits plus accrued interest with the Clerk. See Fed. R. Civ. P. 67; Local Rule 508. Upon payment confirmation, MetLife will be dismissed with prejudice and discharged from all liability with respect to the deposited funds, and Vines and Holder will be permanently restrained and enjoined from initiating or pursuing any action or proceeding against MetLife arising out of or related to the Decedent's life insurance coverage under the Plan. See, e.g., High Tech., 497 F.3d at 641; Haislett, 2010 WL 3879338, at *3. The Court will issue a scheduling order governing the continuation of this case between Vines and Holder. See, e.g., Leventis, 2010 WL 2595305, at *2.

---

[9] MetLife Letter 2; ReliaStar Life Ins. Co. of N.Y. v. LeMone, No. Civ. A. 7:05CV00545, 2006 WL 733968, at *2–*3, *6 (W.D. Va. Mar. 16, 2006) (granting insurer interpleader relief because, inter alia, it had "encouraged the disputing parties to resolve their competing claims to the annuity proceeds [at issue] before [the] interpleader action was brought").

III. Conclusion

For the reasons stated above, MetLife's motion for interpleader relief will be granted.

_____5/24/11_____  
Date

_____  
William D. Quarles, Jr.  
United States District Judge